### 11457.   CARTER *v.* BOOTH.

JENKINS, P. J.   A general custom governing a trade or business, although it might be otherwise admissible to aid in expressing the true meaning and intent of a contract, cannot be proved for the purpose of depriving one of the contracting parties of an absolute right explicitly secured to him by the law of the State. *Fleming* v. *King,* 100 *Ga.* 449 (2) (28 S. E. 239). If, therefore, the provisions of § 3688 of the Civil Code (1910) have reference to landlords and tenants where the term of the tenancy extends for less than five years and the estate is created, then, under the rule just stated, no proof of mere custom would operate to give to the tenant the right to emblements thus specifically denied; but since the statute referred to relates only to "estates" for years, and since a tenant who holds for a term of less than five years is not positively denied by any law of this State the right to gather matured crops from the rented premises after the term of his tenancy has expired, and since the evidence was uncontradicted that such right existed under a general and universal local custom, it became a question of fact for the jury to decide whether or not, under the circumstances

of the case, the tenant had by his acts and conduct tacitly abandoned such right, or had forfeited it on account of having failed to exercise it within a reasonable time.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 10, 1920.

Trover; from city court of Athens — Judge Greene. March 20, 1920.

By suit in trover Carter sought to recover certain cotton from Booth. According to the evidence the plaintiff rented certain land from Booth under a written instrument, dated March 10, 1917, reciting that it was "for this year." Owing to bad weather and illness in his family he was unable to gather all his cotton crop before the expiration of the rental term. He moved from the land on February 4th or 5th, 1918, and a few days thereafter he told Booth that he desired to return and finish gathering the cotton, and Booth told him that as he had left the cotton on the place, it belonged to him (Booth); and Booth proceeded within a day or two to gather the cotton. A receipt was introduced, dated February 19, 1918, signed by Carter and reading as follows: "Received of G. M. Booth settlement in full for 1917 to date." Carter testified that·this receipt did not include the cotton in controversy, and Booth testified that he did not know whether he had the cotton in mind at the time or not. It was testified that there was a general and universal custom in that locality to allow a tenant, after the expiration of his term of tenancy, to go back and finish gathering his crop on the rented land where he had failed to do so during the tenancy. On motion of the defendant's counsel the judge directed a verdict for the defendant; the plaintiff's motion for a new trial was overruled, and he excepted.

*Wolver M. Smith, Thomas J. Shackelford,* for plaintiff.
*H. C. Tuck,* for defendant.